## GANS *v.* HUGHES.

*(City Court of Brooklyn, General Term.* November 23, 1891.)

1. TRESPASS—PLEADING—JOINDER OF CAUSES OF ACTION.

    Plaintiff, in paragraph 2 of his complaint, alleged that he was the lessee of a store and bakery on a certain day, when defendant entered the premises, and unlawfully removed a portion of the fixtures, and unlawfully interfered with plaintiff's business. Other paragraphs of the complaint set up trespasses on the premises. *Held,* that a cause of action for trespass to real estate was set up in paragraph 2, and not one for injuries to personal property alone, and that the causes of action set forth were not improperly joined in one action.

2. SAME—DAMAGES TO FIXTURES.

    Damages to fixtures may be recovered in an action for trespass on land.

Appeal from special term.

Action by Frederick Gans against James Hughes. The complaint alleges (1) that plaintiff "is the lessee of the store and bakery known as '82 Berry Street,' in the city of Brooklyn, and was at the time hereinafter mentioned, and still is, entitled to the quiet possession and enjoyment of the same; (2) that on or about the 10th day of June, 1888, the defendant wrongfully entered the said premises, which were occupied by the plaintiff, and unlawfully, and against plaintiff's will, removed and carried away a portion of the fixtures belonging to said store, to the great damage and inconvenience of the plaintiff, and the detriment and hindrance of his business as a baker, which business the plaintiff was carrying on in said premises, and unlawfully interfered with the plaintiff's business; (3) that on or about the 16th and 18th days of December, 1890, the defendant again unlawfully entered said premises, wrongfully and willfully interfered with the plaintiff's business, and caused him great annoyance and inconvenience; (4) that on or about the 20th day of December, 1890, the defendant again wrongfully and forcibly entered said premises, notwithstanding the remonstrances of the plaintiff, and interfered with plaintiff's business, and greatly inconvenienced and damaged the plaintiff; (5) that on or about the 3d day of January, 1891, the defendant violently and forcibly entered the said premises, and interfered with plaintiff's business, to his great damage." From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

For appeal from order granting injunction, see 14 N. Y. Supp. 930.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Magner & Hughes,* (*Thomas F. Magner,* of counsel,) for appellant. *Julius Klamke,* for respondent.

VAN WYCK, J. This is an appeal from an interlocutory judgment in favor of plaintiff on a demurrer interposed by defendant. The defendant demurred on two grounds: *First,* that the facts stated did not constitute a cause of action. This was abandoned, for it had no foundation in law. The defendant presses the *second* ground of demurrer,—that causes of action were improperly united, in that paragraph 2 of the complaint sets up a cause of action for damages for injuries to personal property, while in paragraphs 3, 4, and 5 thereof three causes of action, arising at different times, are set up for trespass upon the same premises. We think the defendant's construction of paragraph 2 of the complaint is erroneous. It is plain that the pleader has in one form in that paragraph set up a cause of action for trespass upon land, and pleaded special damages for injuries to fixtures done by the trespass. Such damages are recoverable in an action for trespass upon land. Sedg. Dam. (8th Ed.) §§ 943, 944. There is no contention that four causes of action for trespass upon the same premises by defendant at different times cannot be united in the same action, under Code Civil Proc. § 484. Judgment must be affirmed, with costs.